(C. D. 239)

RAY E. ELLIS *v.* UNITED STATES

United States Customs Court, Second Division

(Decided October 26, 1939)

*Lawrence & Tuttle* (*George R. Tuttle* and *Charles F. Lawrence* of counsel) for the plaintiff.
*Webster J. Oliver*, Assistant Attorney General (*Daniel G. McGrath*, special attorney), for the defendant.

Before TILSON, KINCHELOE, and DALLINGER, Judges

DALLINGER, Judge: This is a suit against the United States, arising at the port of Los Angeles, brought to recover certain customs duties alleged to have been improperly exacted on a particular im-

portation of complete bicycles imported in a knocked-down condition and also extra bicycle tires. Duty was levied on the bicycles (including the tires necessary to complete the bicycles) at the rate of 30 per centum ad valorem under the provision in paragraph 371 of the Tariff Act of 1930 for bicycles, and on the extra bicycle tires at the rate of 10 per centum ad valorem under the provision in paragraph 1537 (b) of said act for "bicycle tires composed wholly or in chief value of rubber." All of the bicycle tires in the importation are claimed to be properly dutiable at the rate of 10 per centum ad valorem under said *eo nomine* provision therefor in paragraph 1537 (b).

The facts are not in dispute, the only question presented being one of law. It is precisely the same issue which was decided in the case of *Close & Stewart* v. *United States*, C. D. 151. There, the importation consisted of 25 complete bicycles shipped in a knocked-down condition. It was claimed that all the bicycle tires, although parts of the unassembled bicycles, were nevertheless expressly excluded from said paragraph 371, because of the phraseology therein, to wit, "bicycles and parts thereof, not including tires."

In that case we pointed out that a similar question of law arose in the case of *Distributing & Importing Co. (Inc.) et al.* v. *United States*, T. D. 37491, G. A. 8123, 34 Treas. Dec. 36, decided January 21, 1918. That suit was instituted under the Tariff Act of 1913, paragraph 119 of which reads as follows:

PAR. 119. Automobiles, valued at $2,000 or more, and automobile bodies, 45 per centum ad valorem; automobiles valued at less than $2,000, 30 per centum ad valorem; automobile chassis, and finished parts of automobiles, *not including tires*, 30 per centum ad valorem. [Italics ours.]

There, as here, the importers claimed that the tires of the complete automobile were properly dutiable at only 10 per centum ad valorem under the general provision in paragraph 168 of the 1913 act for manufactures of india rubber. In holding that the tires were integral parts of automobiles and that the collector correctly classified them as such under said paragraph 119, this court (then the Board of General Appraisers) in the last-cited case said:

Numerous cases have been decided by this board and by the courts holding as entireties machines and like articles which are frequently imported in an unassembled or knocked-down condition. It is wholly immaterial whether or not all of the parts are packed in a single case. *The fact that they are parts of a definite article which is imported in a single shipment and consigned to the same person establishes the tariff status of the importation as an entirety.* [Italics ours.]

We have carefully examined the cases cited in the brief filed by counsel for the plaintiff herein and do not consider them as applicable to the instant merchandise.

Following our ruling in *Close & Stewart* v. *United States, supra,* we hold as a matter of law that the collector correctly classified the im-

ported bicycles under the *eo nomine* provision therefor in said paragraph 371, and the extra bicycle tires at the rate of 10 per centum ad valorem under the *eo nomine* provision therefor in said paragraph 1537 (b). All claims of the plaintiff are therefore overruled and judgment will be rendered accordingly.